IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:17-cv-147 |
| v. | ) ) | COMPLAINT |
| THE VILLAGE AT HAMILTON POINTE LLC, d/b/a HAMILTON POINTE HEALTH AND REHABILITATION CENTER; d/b/a HAMILTON POINTE ASSISTED LIVING CENTER; and d/b/a THE COTTAGES AT HAMILTON POINTE; | ) ) ) ) ) ) | JURY TRIAL DEMAND |
| and | ) ) | |
| TENDER LOVING CARE MANAGEMENT, INC., d/b/a TLC MANAGEMENT, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct unlawful employment practices on the basis of race, black, and to

provide appropriate relief to Yana Shelby, Sonja Fletcher, Adrien Chamberlain, Angela Gilbert,

Donna Grissett, Tamara McGuire, and Vanessa Miles, and a class of current and former African

American employees, who were adversely affected by such practices. As alleged with greater

particularity in paragraphs 14-22 below, the Commission alleges that Defendants discriminated

against Yana Shelby, Sonja Fletcher, Adrien Chamberlain, Angela Gilbert, Donna Grissett,

Tamara McGuire, and Vanessa Miles, and a class of current and former African American

employees, by subjecting them to disparate terms and conditions of employment by acceding to

residents' racial preferences and making job assignments based upon race, in violation of Title VII.

EEOC further alleges that Shelby, Fletcher, Chamberlain, Gilbert, Grissett, McGuire, Miles, and a class of current and former African American employees were subjected to severe or pervasive harassment because of their race, black, by Defendants' managers, supervisors, employees, residents and residents' family members.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were, and are now being, committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Evansville Division.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant The Village at Hamilton Pointe, LLC, d/b/a Hamilton Pointe Health and Rehabilitation Center; d/b/a Hamilton Pointe Assisted Living Center; and d/b/a The Cottages at Hamilton Pointe, has continuously been an Indiana Limited

Liability Company doing business in the State of Indiana and the City of Newburgh, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Tender Loving Care Management, Inc., d/b/a TLC Management, has continuously been an Indiana corporation, doing business in the State of Indiana and the City of Marion, and has continuously had at least 15 employees.

6.      At all relevant times, Defendant, The Village at Hamilton Pointe, LLC, d/b/a Hamilton Pointe Health and Rehabilitation Center; d/b/a Hamilton Pointe Assisted Living Center; and d/b/a The Cottages at Hamilton Pointe, has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7.      At all relevant times, Defendant, Tender Loving Care Management, Inc., d/b/a TLC Management, has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

<u>ADMINISTRATIVE PROCEDURES</u>

8.      More than thirty days prior to the institution of this lawsuit, Yana Shelby, Sonja Fletcher, Adrien Chamberlain, Angela Gilbert, Donna Grissett, Tamara McGuire, and Vanessa Miles filed charges with the Commission alleging violations of Title VII by Defendants.

9.      On July 5, 2017, the Commission issued a Letter of Determination to Defendants finding reasonable cause to believe that Title VII was violated and invited Defendants to join with it in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10.     The Commission engaged in communications with Defendants to provide them the opportunity to remedy the discriminatory practices described in the Letter of Determination referenced above in paragraph 9.

11.     The Commission was unable to secure from Defendants a conciliation agreement that was acceptable to the Commission.

12.     On August 9 and 22, 2017, the Commission issued to Defendants a Notice of Failure of Conciliation.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.


STATEMENT OF CLAIMS

14.     Defendant, The Village at Hamilton Pointe, LLC, is a is a 24-hour, residential, skilled nursing health facility.

15.     Defendant Tender Loving Care Management, Inc. provides management and financial services to The Village at Hamilton Pointe, LLC and other nursing homes.

16.     Defendants The Village at Hamilton Pointe, LLC and Tender Loving Care Management, Inc. have common owners, officers, and managers and share a human resources department.

17.     Defendants are a single employer and/or joint employer of individuals employed at The Village at Hamilton Pointe, LLC.

18.     Each individual, including but not limited to Yana Shelby, Sonja Fletcher, Adrien Chamberlain, Angela Gilbert, Donna Grissett, Tamara McGuire, and Vanessa Miles, and a class of current and former African American employees, employed by Defendant, The Village at

Hamilton Pointe, LLC, is jointly/also employed by Defendant Tender Loving Care Management, Inc.

19.     Since at least February 2015, Defendants have engaged and continue to engage in unlawful employment practices at their Newburgh, Indiana facility, in violation of Section 703(a)(1) and (2) of Title VII, 42 U.S.C. §§ 2000e-2(a) (1) and (2) that subject Yana Shelby, Sonja Fletcher, Adrien Chamberlain, Angela Gilbert, Donna Grissett, Tamara McGuire, and Vanessa Miles, and a class of current and former African American employees to disparate terms and conditions of employment and to harassment because of their race.  The unlawful practices include:

a)     Defendants make job assignments based on their employees' race. Defendants have and continue to maintain a policy and practice of making job assignments based upon the racial preference of its residents. Defendants' officers, managers, and supervisors instruct black employees not to provide care to certain residents because of the employees' race, black.

b)     Defendants have prohibited and continue to prohibit black employees from entering certain resident rooms because of their race, black.

c)     Defendants have prohibited and continue to prohibit black employees from providing care to certain residents because of the employees' race, black.

d)     Defendants maintain work assignment sheets stating, "NO AFRICAN AMERICAN MALES TO PROVIDE CARE."

e)     Defendants subjected and continue to subject Yana Shelby, Sonja Fletcher, Adrien Chamberlain, Angela Gilbert, Donna Grissett, Tamara McGuire, and Vanessa Miles, and a class of current and former African American employees to a hostile work environment based on their race, black.

f)      The harassment has been ongoing since February 2015 and includes but is not limited to Defendants' officers, managers, supervisors, employees, nursing home residents and/or the residents' families commenting, calling and/or referring to African American employees by names, including but not limited to "nigger," "boy," "fat black bitch," and "Bookman;" referring to the hair of the African Americans as "nappy" or "dog hair;" and refusing to let African American employees care for certain residents because of their race, black.

g)      Employees complained about the harassment and race based work assignments. The employee complaints, include but are not limited to the following:

i)   On or about May 21, 2015, Sonja Fletcher called Defendants' "Hotline" and complained about the work assignment sheet referenced in paragraph (d) above. Fletcher also complained about "prejudices at Hamilton Pointe." Defendants failed to take effective remedial action. The harassment and conduct continued.

ii)  On or about July 7, 2015, another employee called the Defendants' "Hotline" and complained about "being discriminated against for being a black male" and requested an investigation. Defendants failed to take effective remedial action. The harassment and conduct continued.

h)      Defendants knew or should have known about the harassment, and failed to take reasonable steps to remedy the harassment.

20.      The effect of the practices complained of in paragraphs 14-19 above has been to deprive Yana Shelby, Sonja Fletcher, Adrien Chamberlain, Angela Gilbert, Donna Grissett, Tamara McGuire, and Vanessa Miles, and a class of current and former African American

employees of equal employment opportunities and otherwise adversely affect their status as employees, because of race.

21.     The unlawful employment practices complained of in paragraphs 14-19 above were, and are, intentional.

22.     The unlawful employment practices complained of in paragraphs 14-19 above were, and are, done with malice or with reckless indifference to the federally protected rights of Yana Shelby, Sonja Fletcher, Adrien Chamberlain, Angela Gilbert, Donna Grissett, Tamara McGuire, and Vanessa Miles, and a class of current and former African American employees.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from making work assignments based on race and from engaging in racially harassing conduct, and other employment practices that discriminate on the basis of race.

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of their race, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendants to make whole Yana Shelby, Sonja Fletcher, Adrien Chamberlain, Angela Gilbert, Donna Grissett, Tamara McGuire, and Vanessa Miles, and a class of current and former African American employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14-19 above, including, but not limited to job medical expenses, in amounts to be

determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

   D.  Order Defendants to make whole Yana Shelby, Sonja Fletcher, Adrien Chamberlain, Angela Gilbert, Donna Grissett, Tamara McGuire, and Vanessa Miles, and a class of current and former African American employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 14-19 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, anxiety, and humiliation, in amounts to be determined at trial.

   F.  Order Defendants to pay Yana Shelby, Sonja Fletcher, Adrien Chamberlain, Angela Gilbert, Donna Grissett, Tamara McGuire, and Vanessa Miles, and a class of current and former African American employees punitive damages for its malicious and reckless conduct, as described in paragraphs 14-19 above, in amounts to be determined at trial.

   G.  Grant such further relief as the Court deems necessary and proper in the public interest.

   H.  Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

  The Commission requests a jury trial on all questions of fact raised by its complaint.

       Respectfully Submitted,

       <u>s/Kenneth L. Bird</u>
       KENNETH L. BIRD, #10780-02
       Regional Attorney

       <u>s/Jo Ann Farnsworth</u>
       JO ANN FARNSWORTH, #8364-49
       Senior Trial Attorney

s/Jonathan Bryant
JONATHAN BRYANT, #24112-49
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 West Ohio Street,
Suite 1900
Indianapolis, In 46204
Phone: (317) 226-7949
Fax: (317) 226-5571
Email: joann.farnsworth@eeoc.gov