IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE VILLAGE AT HAMILTON POINTE LLC, d/b/a HAMILTON POINTE HEALTH AND REHABILITATION CENTER; d/b/a HAMILTON POINTE ASSISTED LIVING CENTER; and d/b/a THE COTTAGES AT HAMILTON POINTE;<br><br>and<br><br>TENDER LOVING CARE MANAGEMENT, INC., d/b/a TLC MANAGEMENT,<br><br>Defendants. | ) | Civil Action No.<br>3:17-cv-00147-RLY-MPB |

**PLAINTIFF'S SUBMISSION OF JURY INSTRUCTIONS**

In accordance with the Case Management Plan, Plaintiff, the Equal Employment Opportunity Commission, hereby submits its jury instructions.

Respectfully submitted,

/s/ Nedra Campbell
Nedra Campbell
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
EEOC Detroit Field Office
477 Michigan Avenue, Room 865
Detroit, Michigan 48226

(313) 774-0039
FAX: (313) 226-6854
nedra.campbell@eeoc.gov

/s/ Dale Price
Dale Roy Price
Senior Trial Attorney
EEOC Detroit Field Office
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313) 774-0028
FAX: (313) 226-6854
dale.price@eeoc.gov

Dated:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE VILLAGE AT HAMILTON POINTE LLC, d/b/a HAMILTON POINTE HEALTH AND REHABILITATION CENTER; d/b/a HAMILTON POINTE ASSISTED LIVING CENTER; and d/b/a THE COTTAGES AT HAMILTON POINTE;<br><br>and<br><br>TENDER LOVING CARE MANAGEMENT, INC., d/b/a TLC MANAGEMENT,<br><br>Defendants. | ) | Civil Action No. 3:17-cv-00147-RLY-MPB |

PRELIMINARY JURY INSTRUCTION NO. 1

Claims and Defenses

This is an employment discrimination lawsuit based on race. Title VII of the Civil Rights Act of 1964 prohibits an employer from treating employees of one race differently than employees of another race. It also prohibits harassment, such as racial slurs, comments, jokes, or epithets, in the workplace.

Plaintiff, the United States Equal Employment Opportunity Commission, is the federal agency that interprets and enforces Title VII. The EEOC (also referred to as "the Commission") may bring a lawsuit in its own name and on behalf of individual employees. From time to time, I will refer to these individuals as "claimants" or "class members." In this case, their names are DeLoris Cook, Amber Cottrell, Angela Gilbert, Donna Grissett, Roshaun Middleton, Yana Shelby, and Aleshia Smith. The Defendant in this case is The Village at Hamilton Pointe, d/b/a Hamilton Pointe Health and

Rehabilitation Center; d/b/a Hamilton Pointe Assisted Living Center; and d/b/a The Cottages at Hamilton Pointe. For convenience, we will refer to the Defendant as Hamilton Pointe.

Hamilton Pointe is a long-term care facility that provides skilled nursing, rehabilitation and assisted-living services.

The EEOC claims that Hamilton Pointe violated Title VII of the Civil Rights Act by discriminating against a class of African American employees because of their race. The EEOC specifically contends that Hamilton Pointe violated Title VII by failing to provide a non-discriminatory workplace. The EEOC contends that Hamilton Pointe granted patients' requests for no black caregivers, and banned African Americans from providing services to patients who requested no-black caregivers. The EEOC also contends that Hamilton Pointe violated Title VII by subjecting African American employees to a racially hostile work environment in the form of racial slurs.

Hamilton Pointe denies these claims.

What I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters.

**Authority**

Federal Jury Practice and Instructions, § 101.03, O'Malley, Grenig and Lee (5th Ed., 2000).

PRELIMINARY JURY INSTRUCTION NO. 2

**Opening Instructions**

We are about to begin the trial of the case you heard about during jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the "Plaintiff." In this action the Plaintiff is the United States Equal Employment Opportunity Commission or "EEOC" or "the Commission." The party being sued is called the "Defendant." In this action the Defendant is Hamilton Pointe.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear me "overrule" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular testimony or the particular exhibit may be considered by you in making the decision you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

From time to time during the trial, I may be called upon to make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question that goes unanswered by the witness. You should not infer or conclude from any ruling or comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during the case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

## Authority

Federal Jury Practice and Instructions, § 101.01, O'Malley, Grenig and Lee (5th Ed., 2000) (adapted).

PRELIMINARY JURY INSTRUCTION NO. 3

**Order of Trial**

The case will proceed in the following order:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After opening statements, the Equal Employment Opportunity Commission will present evidence in support of plaintiff's claims and the defendant may cross-examine witnesses. At the conclusion of the EEOC's case, the defendant, Hamilton Pointe, may introduce evidence and the EEOC's lawyers may cross-examine the witnesses. The defendant is not required to introduce any evidence or to call any witness. After the defendant introduces evidence, the plaintiff may present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

**Authority**

Federal Jury Practice and Instructions, § 101.02, O'Malley, Grenig and Lee (5th Ed., 2000) (modified).

PRELIMINARY JURY INSTRUCTION NO. 4

**Province of Court and Jury**

After you hear the evidence, arguments, and instructions, you will meet to make your decision. You will determine the facts from all of the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of witnesses.

**Authority**

Federal Jury Practice and Instructions, § 101.10, O'Malley, Grenig and Lee (5th Ed., 2000).

PRELIMINARY JURY INSTRUCTION NO. 5

**Jury Conduct**

To ensure fairness, you must obey the following rules:

Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. “Anyone else” includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

Do not read any new stories or articles about the case, or about anyone involved with it, or listen to any radio, television or internet reports about the case or about anyone involved with it.

Do not do any research, such as checking dictionaries, or make any investigation of the case on your own.

Do not use any internet access devices, including but not limited to computers, cell phones, smartphones, tablets or other wireless handheld devices, in connection with your jury duties. This violates the rules of evidence. Obtaining or transmitting information about the case in any way, including via phone, email, text messaging or social media sites (including but not limited to Facebook, Twitter, Instagram, TikTok, Snapchat, LinkedIn, Blogger, Wordpress, etc.) in connection with your jury duties violates the rules of evidence. You are prohibited from all such activities in connection with your jury duties.

Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

If you need to tell me something, simply give a signed note to the bailiff or marshal to

give to me.

**Authority**

Federal Jury Practice and Instructions, § 101.11, O'Malley, Grenig and Lee (5th Ed., 2000) (adapted); *EEOC v. AutoZone, Inc.*, No. 1:07-cv-01154 (C.D. Ill. June 6, 2011).

PRELIMINARY JURY INSTRUCTION NO. 6

**Notetaking - Permitted**

During the trial, I will permit you to take notes. Of course, you are not obliged to take notes. If you do not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

Because many courts to not permit notetaking by jurors, a work of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and are by no means a complete outline of the proceedings or a list of the highlights of the trial. You should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your memory should be your greatest asset when it comes time to deciding this case.

**Authority**

Federal Jury Practice and Instructions, § 101.13, O'Malley, Grenig and Lee (5th Ed., 2000).

PRELIMINARY JURY INSTRUCTION NO. 7

**Questions by Jurors - Prohibited**

I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

**Authority**

Federal Jury Practice and Instructions, § 101.16, O'Malley, Grenig and Lee (5th Ed., 2000).

PRELIMINARY JURY INSTRUCTION NO. 8

**No Transcript Available to Jury**

At the end of the trial, you will have to make your decision based on what you remember about the evidence. You will not have a written transcript to read, and it is difficult and time consuming for the reporter to read/play back testimony. I urge you to pay close attention to the testimony as it is presented at the trial.

**Authority**

Federal Jury Practice and Instructions, § 101.18, O'Malley, Grenig and Lee (5th Ed., 2000).

PRELIMINARY JURY INSTRUCTION NO. 9

**Judge's Questions to Witnesses**

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

**Authority**

Federal Jury Practice and Instructions, § 101.30, O'Malley, Grenig and Lee (5th Ed. 2000).

PRELIMINARY JURY INSTRUCTION NO. 10

**Bench Conferences**

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

## Authority

Federal Jury Practice and Instructions, § 101.30, O'Malley, Grenig and Lee (5th Ed. 2000).

PRELIMINARY JURY INSTRUCTION NO. 11

**Evidence in the Case**

The evidence in the case will consist of the following:

1. The sworn testimony of witnesses.

2. Exhibits received in evidence.

3. Facts that have been stipulated to or judicially noticed and that you must take as true for purposes of this case.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or I order evidence stricken, you must disregard that evidence.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You may draw inferences from things that have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

**Authority**

Federal Jury Practice and Instructions, § 101.40, O'Malley, Grenig and Lee (5th Ed., 2000).

PRELIMINARY JURY INSTRUCTION NO. 12

**Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**Authority**

Federal Jury Practice and Instructions, § 101.43, O'Malley, Grenig and Lee (5th Ed., 2000).

PRELIMINARY JURY INSTRUCTION NO. 13

**Stipulations at Pretrial Conference**

Before the trial of this case, the court held a conference with the lawyers for both parties. At that conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

1.

Since the parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.

**Authority**

Federal Jury Practice and Instructions, § 101.46, O'Malley, Grenig and Lee (5th Ed. 2000).

PRELIMINARY JURY INSTRUCTION NO. 14

**Ruling on Objections**

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules or evidence, that lawyer may object.

If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

**Authority**

Federal Jury Practice and Instructions, § 101. 49, O'Malley, Grenig and Lee (5th Ed. 2000).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE VILLAGE AT HAMILTON POINTE LLC, d/b/a HAMILTON POINTE HEALTH AND REHABILITATION CENTER; d/b/a HAMILTON POINTE ASSISTED LIVING CENTER; and d/b/a THE COTTAGES AT HAMILTON POINTE;<br><br>and<br><br>TENDER LOVING CARE MANAGEMENT, INC., d/b/a TLC MANAGEMENT,<br><br>Defendants. | ) | Civil Action No. 3:17-cv-00147-RLY-MPB |

FINAL JURY INSTRUCTION NO. 1

All Litigants Equal Before the Law

In this case the plaintiff is a governmental agency and the defendant is a corporation. All parties are equal before the law. A governmental agency and a corporation are entitled to the same fair consideration that you would give any individual person.

**Authority**

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 1.03 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

FINAL JURY INSTRUCTION NO. 2

Corporate Agents

A corporation may act only through natural persons as its agents or employees. Agents or employees of a corporation may bind the corporation by their acts and declarations made while acting in the scope of their duties as employees of the corporation or within the scope of the authority delegated to them.

**Authority**

Federal Jury Practice & Instructions, O'Malley, Grenig, & Lee, § 103.31 (5th Ed. 2000).

FINAL JURY INSTRUCTION NO. 3

Background

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against any individual with respect to hiring, firing, promotion, demotion, compensation, terms, conditions or privileges of employment, because of his or her race.

Plaintiff Equal Employment Opportunity Commission may bring lawsuits on behalf of individuals who believe that they were subjected to race discrimination. The EEOC brought this lawsuit against Defendant Hamilton Pointe.

Plaintiff EEOC claims that the Defendant discriminated against a class of African American employees because of their race, black, when Hamilton Pointe informed African American employees that they could not provide care for certain residents because the residents preferred only white caregivers. Further the EEOC claims that Hamilton Pointe allowed African American employees to be subjected to racial harassment.

Defendant denies these claims.

It is your responsibility to decide whether the Plaintiff EEOC has proven its claims against the Defendant Hamilton Pointe.

**Authority**

42 U.S.C. §§ 2000e-2(a), 2000e-5; *General Telephone Company of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 331 (1980) (the EEOC exists to advance the public interest in preventing and remedying employment discrimination).

FINAL JURY INSTRUCTION NO. 4

Race Discrimination - Plaintiff's Burden of Proof

Title VII prohibits employers from discriminating against any individual "with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race. . ."

A health-care worker has a right to a non-discriminatory workplace, which includes not being excluded from work assignments because of race. To succeed on its discriminatory assignment claim, the EEOC must prove, by a preponderance of the evidence, that Hamilton Pointe honored a patient's demands for no black or African American health-care. Title VII prohibits an employer from honoring a resident's preference for a provider of a particular race.

If you find that the EEOC has proved by a preponderance of the evidence that Hamilton Pointe honored patient requests not to be cared for by African American employees, then you must find for the EEOC. However, if you find that the EEOC did not prove this by a preponderance of the evidence, then you must find for Defendant Hamilton Pointe.

**Authority**

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 3.01 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.; *Chaney v. Plainfield Healthcare Center,* 612 F.3d 908, 912-915 (7th Cir. 2010).

FINAL JURY INSTRUCTION NO. 5

Harassment by Co-Employee or Third Party

In this case, the EEOC claims that a group of African American employees were racially harassed at by co-workers and residents. To succeed on this claim, the EEOC must prove the following things by a preponderance of the evidence:

1. The claimants were subjected to name-calling, racial epithets, comments, slurs, or nicknames;

2. The conduct was unwelcome;

3. The conduct occurred because of the class members' race, black/African-American;

4. The conduct was sufficiently severe or pervasive that a reasonable person in the class members' position would find the work environment to be hostile or abusive;

5. At the time the conduct occurred, the claimants believed that the conduct made their work environment hostile or abusive;

6. Hamilton Pointe knew or should have known about the conduct; and

7. Hamilton Pointe did not take reasonable steps to correct the situation and prevent it from recurring.

If you find that the EEOC has proved by a preponderance of the evidence each of these things, then you must find for the EEOC.

However, if the EEOC did not prove by a preponderance of the evidence each of these things, then you must find for Hamilton Pointe.

**Authority**

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 3.04 and 3.05 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf; *Meritor Savings Bank FSB v. Vinson*, 477 U.S. 57, 65-66 (1986).

# FINAL JURY INSTRUCTION NO. 5A

Supervisor Harassment

In this case, the EEOC claims that a group of African American employees were also racially harassed by supervisors. To succeed on this claim, the EEOC must prove the following things by a preponderance of the evidence.

1. [Name] was a supervisor of the claimant. A supervisor is someone who can affect the conditions of claimant's employment. By this I mean someone who has the power to hire, fire, demote, promote, transfer or discipline the claimant.

2. The claimant was subjected to name-calling, racial epithets, comments, slurs, or nicknames;

3. The conduct was unwelcome;

4. The conduct occurred because of the claimants' race, black/African-American;

5. The conduct was sufficiently severe or pervasive that a reasonable person in the claimant's position would find plaintiff's work environment to be hostile or abusive.

6. At the time the conduct occurred, the claimant believed that the conduct made the work environment hostile or abusive.

If you find that Plaintiff did not prove by a preponderance of the evidence each of the things required of him, then you must find for Defendant. If, on the other hand, Plaintiff has proved each of these things, you must go on to consider whether Defendant has proved two things by a preponderance of the evidence:

1. Hamilton Pointe exercised reasonable care to prevent and correct any harassing conduct in the workplace.

2. Claimants unreasonably failed to take advantage of opportunities provided by Hamilton Pointe to prevent or correct harassment, or otherwise avoid harm.

If you find that Hamilton Pointe has proved these two things by a preponderance of the evidence, your verdict should be for Defendant. If you find that Hamilton Pointe has not proved both of these things, your verdict should be for the claimants.

## Authority

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 3.05B at
http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf
*Meritor Savings Bank FSB v. Vinson*, 477 U.S. 57, 65-66 (1986).

FINAL JURY INSTRUCTION NO. 5B

Racially Hostile or Offensive Work Environment

You should not carve up the incidents of harassment and then separately analyze each incident, by itself, to see if each rises to the level of being severe or pervasive.

The entire context of the workplace must be taken into account to determine whether a hostile work environment existed.

To decide whether a reasonable person would find Claimant's work environment hostile or abusive, you must look at all the circumstances. These circumstances may include the frequency of the conduct; its severity; its duration; whether it was physically threatening or humiliating, and whether it unreasonably interfered with the plaintiff's work performance. No single factor is required in order to find a work environment hostile or abusive.

While there is no "magic number" of slurs that indicate hostile work environment, an unambiguously racial epithet falls on the more severe end of the spectrum.

Perhaps no single act can more quickly alter the conditions of employment and create a hostile or abusive working environment than the use of an unambiguously racial epithet such as "n----r" by a supervisor in the presence of subordinates.

The Commission does not have to show that the workplace experienced by the claimants was hellish. Title VII comes into play before the harassing conduct leads to a nervous breakdown. A discriminatorily abusive work environment, even one that does not seriously affect employees' psychological well-being, can and often will detract from employees' job performance, discourage employees from remaining on the job, or keep them from advancing in their careers.

**Authority**

*Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81 (1998); *Gates v. Bd. of Educ. of Chicago*, 916 F.3d 631, 637 (7th Cir. 2019); *EEOC v. Costco Wholesale Corp.*, 903 F.3d 618, 626 (7th Cir. 2018); *Chaney v. Plainfield Healthcare Ctr.*, 612 F.3d 908, 912 (7th Cir. 2012). *Cerros v. Steel Technologies, Inc.*, 398 F.3d 944, 951 (7th Cir. 2005); *Rogers v. Western-Southern Life Ins. Co.*, 12 F.3d 668, 675 (7th Cir. 1993).

FINAL JURY INSTRUCTION NO. 5C

Employer Liability and Discrimination Against Others in the Same Protected Group

In addition, an employer is liable for a racially hostile or abusive environment if the employee is part of a group which is being vilified, even if that employee is not being singled out.

Behavior toward or comments directed at other employees in the same protected group is a type of circumstantial evidence that can support an inference of discrimination.

**Authority**

*Cerros v. Steel Technologies, Inc.*, 288 F.3d 1040, 1047 (7th Cir. 2002); *Yaknis v. First Student, Inc.*, 481 F.3d 552, 554 (7th Cir. 2007) (citing *Jackson v. Quanex Corp.*, 191 F.3d 647, 661 (6th Cir. 1999)); *Hasan v. Foley & Lardner, LLP*, 552 F.3d 520, 529 (7th Cir. 2008).

FINAL JURY INSTRUCTION NO. 6

Cautionary Instruction on Reasonableness of Defendant's Actions

In deciding the EEOC's claims, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. Rather, your concern is only whether the EEOC has proved that Hamilton Pointe honored patients' racial preferences for caregivers and/or subjected its black or African American employees to racial slurs because of their race.

## **Authority**

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 3.07B at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

FINAL JURY INSTRUCTION NO. 7

What is Not a Defense

Title VII prevents an employer from honoring a patient's racial preferences for caregivers.

A company's desire to cater to the perceived racial preferences of its customers is not a defense under Title VII for treating employees differently based on race, nor do alleged privacy interests of customers permit the disparate treatment of employees on the basis of race.

**Authority**

*Chaney v. Plainfield Healthcare Center,* 612 F.3d 908, 913, 915 (7th Cir. 2010).

FINAL JURY INSTRUCTION NO. 7A

A Facility's Options to Protect Employees from Racially-Hostile Residents

Without resorting to discharging residents, a long-term care facility confronted with a racially-hostile resident has a range of options, including, for example:

It can:

1. Warn residents before admitting them of the facility's nondiscrimination policy;

2. Secure the resident's consent in writing;

3. Attempt to reform the resident's behavior after admission; and

4. Assign staff based on race-neutral criteria that minimize the risk of conflict.

**Authority**

*Chaney v. Plainfield Healthcare Center,* 612 F.3d 908, 915 (7th Cir. 2010).

FINAL JURY INSTRUCTION NO. 8

Conflict of Laws

When two laws conflict, one state, one federal, the Supremacy Clause of our Constitution dictates that the federal law prevails.

**Authority**

U.S. CONST. art. VI, cl. 2.*; Chaney v. Plainfield Healthcare Center,* 612 F.3d 908, 914 (7th Cir. 2010).

FINAL JURY INSTRUCTION NO. 9

Good Faith Is Not A Defense

Title VII does not contain a good-faith defense that allows an employer to ignore the statute in favor of other conflicting laws or regulations.

**Authority**

*Chaney v. Plainfield Healthcare Center,* 612 F.3d 908, 914 (7th Cir. 2010).

FINAL JURY INSTRUCTION NO. 10

Medicare Laws and Regulations

Nothing in the Medicare or Indiana laws or regulations requires or allows Hamilton Pointe or its employees to honor the racial preferences of its residents. Indeed, nothing in any other federal law or regulation authorizes Hamilton Pointe or its employees to honor the racial preferences of its residents.

## **Authority**

*Chaney v. Plainfield Healthcare Center,* 612 F.3d 908, 914-915 (7th Cir. 2010).

FINAL JURY INSTRUCTION NO. 11

Burden of Proof

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## Authority

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 1.27 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

FINAL JURY INSTRUCTION NO. 12

Deposition or Prior Sworn Testimony

During the trial, certain testimony was presented to you by the reading of depositions or the hearing of prior sworn testimony. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

**Authority**

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 1.05 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

FINAL JURY INSTRUCTION NO. 13

Testimony of Witnesses (Deciding What to Believe)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the manner of the witness while testifying; and
- the reasonableness of the witness's testimony in light of all the evidence in the case.

**Authority**

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 1.13 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

FINAL JURY INSTRUCTION NO. 14

Prior Inconsistent Statements

You may consider statements given by Hamilton Pointe representatives before trial as evidence of the truth of what was said in the earlier statements, as well as in deciding what weight to give his or her trial testimony.

**Authority**

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 1.14 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

FINAL JURY INSTRUCTION NO. 15

Damages: General

If you find that the EEOC has proved either claim against Hamilton Pointe, then you must determine what amount of damages, if any, each claimant is entitled to recover. The EEOC must prove each claimant's damages by a preponderance of the evidence.

You may award damages to a claimant for both claims if the EEOC has proved the claimant's damages by a preponderance of the evidence. But you may not award damages to a claimant if the EEOC has not proved the claimant's damages by a preponderance of the evidence.

**Authority**

Adapted from Federal Civil Jury Instructions of the Seventh Circuit, 2017, 3.09 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

FINAL JURY INSTRUCTION NO. 16

Compensatory Damages

Compensatory damages are damages that you may award to compensate the claimants for emotional pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life.

You may award compensatory damages only for injuries that the EEOC has proved by a preponderance of the evidence were caused by Hamilton Pointe's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure. You should consider the following types of compensatory damages:

The mental or emotional pain and suffering that each claimant has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate each claimant for the injury he/she has sustained.

**Authority**

Adapted from Federal Civil Jury Instructions of the Seventh Circuit, 2017, 3.10 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf; 42 U.S.C. § 1981a.

FINAL JURY INSTRUCTION NO. 17

Punitive Damages

If you find for the EEOC, you may, but are not required to, assess punitive damages against Hamilton Pointe. The purposes of punitive damages are to punish a defendant for its conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that Hamilton Pointe's conduct was in reckless disregard of the African American employees' rights. An action is in reckless disregard of their rights if taken with knowledge that the racial discrimination may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Hamilton Pointe's conduct;
- the impact of Hamilton Pointe's conduct on the class members;
- the relationship between the class members and Hamilton Pointe;
- the likelihood that Defendants would repeat the conduct if an award of punitive damages is not made;
- the relationship of any award of punitive damages to the amount of actual harm the class members suffered.

**Authority**

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 3.13 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf

FINAL JURY INSTRUCTION NO. 18

Lawyer Interviewing Witness

It is proper for a lawyer to meet with any witness in preparation for trial.

**Authority**

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 1.16 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

FINAL INSTRUCTION NO. 19

Stipulations of Fact

The parties have stipulated, or agreed, upon certain facts that were previously read to you. You must now treat these facts as having been proved for the purpose of this case.

## **Authority**

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 2.05 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

FINAL JURY INSTRUCTION NO. 20

Absence of Evidence

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Authority**

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 1.18 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

FINAL JURY INSTRUCTION NO. 21

Spoliation/Destruction of Evidence

The EEOC contends that Hamilton Pointe at one time possessed job assignment sheets containing race-based requests for non-black caregivers. However, Hamilton Pointe contends it did not locate the requested assignment sheets.

You may assume that such evidence would have been unfavorable to Hamilton Pointe only if you find by a preponderance of the evidence that:

(1) Hamilton Pointe intentionally destroyed the evidence; and

(2) Hamilton Pointe destroyed the evidence in bad faith.

**Authority**

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 1.20 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

FINAL JURY INSTRUCTION NO. 22

Selection of Presiding Juror; General Verdict

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, all of you will sign and date it.

**Authority**

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 1.32 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

FINAL JURY INSTRUCTION NO. 23

Communication with Court

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**Authority**

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 1.33 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

FINAL JURY INSTRUCTION NO. 24

Disagreement Among Jurors

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Authority**

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 1.34 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

In-Trial Instruction

Deposition as Substantive Evidence

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [Witness], which was taken on [date], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authority

Federal Civil Jury Instructions of the Seventh Circuit, 2017, 1.05 at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

VERDICT FORM

[SAMPLE ONE]

**Question No. 1**

Do you find that the Equal Employment Opportunity Commission has established by a preponderance of the evidence that Defendant Hamilton Pointe honored the racial preferences of its client(s) ?

________ Yes ________ No

If the answer is "Yes," please answer Question No. 2 as to each such claimant.

**Question No. 2**

How much should each of the claimants be awarded due to Defendant honoring racial preferences of its clients?

| | Compensatory Damages | Punitive Damages |
|---|---|---|
| Delores Cook | ______________________ | ______________________ |
| Amber Cottrell | ______________________ | ______________________ |
| Angela Gilbert | ______________________ | ______________________ |
| Donna Grissett | ______________________ | ______________________ |
| Roshaun Middleton | ______________________ | ______________________ |
| Yana Shelby | ______________________ | ______________________ |
| Aleshia Smith | ______________________ | ______________________ |

**Question No. 3**

Do you find that the Equal Employment Opportunity Commission has established by a preponderance of the evidence that Defendant Hamilton Pointe subjected the claimants to a racially hostile or offensive work environment?

________ Yes ________ No

If the answer is "Yes," please answer Question No. 4 as to each such claimant.

**Question No. 4**

How much should each of the claimants be awarded for the racially hostile or offensive work environment they experienced?

| | Compensatory Damages | Punitive Damages |
|---|---|---|
| Delores Cook | ____________________ | ____________________ |
| Amber Cottrell | ____________________ | ____________________ |
| Angela Gilbert | ____________________ | ____________________ |
| Donna Grissett | ____________________ | ____________________ |
| Roshaun Middleton | ____________________ | ____________________ |
| Yana Shelby | ____________________ | ____________________ |
| Aleshia Smith | ____________________ | ____________________ |

Each juror should sign and date the verdict form.

| | |
|---|---|
| ____________________ | ______________________________ |
| Date | Signature of Foreperson |
| ____________________ | ______________________________ |
| Date | Signature of Juror |
| ____________________ | ______________________________ |
| Date | Signature of Juror |
| ____________________ | ______________________________ |

Date Signature of Juror

__________________ __________________________________
Date Signature of Juror

__________________ __________________________________
Date Signature of Juror

__________________ __________________________________
Date Signature of Juror

__________________ __________________________________
Date Signature of Juror

__________________ __________________________________
Date Signature of Juror

__________________ __________________________________
Date Signature of Juror

__________________ __________________________________
Date Signature of Juror

__________________ __________________________________
Date Signature of Juror

[SAMPLE TWO]

**Question 1** (choose a or b):

G a. We, the jury, unanimously find in favor of the plaintiff United States Equal Employment Opportunity Commission with respect to its Title VII claim involving ________________.

(**If you check this response, proceed to Questions 2 and 3.**)

- OR -

G b. We, the jury, unanimously find in favor of defendant with respect to all

Title VII claims involving ______________.

(**If you check this response, go no further.**)

**<u>Question 2</u>**

We, the jury, award compensatory damages for the benefit of ______________ in the following amount:
$ ________.

**<u>Question 3</u>**

We, the jury, award punitive damages for the benefit of ___________ in the following amount: $ ________.

Dated: ______ ___________________________
Foreperson

[SAMPLE THREE]

Question 1 (choose a or b):

G a. We, the jury, unanimously find in favor of the plaintiff United States Equal Employment Opportunity Commission with respect to its Title VII claim involving _______________.

(If you check this response, proceed to Questions 2 and 3.)

- OR -

G b. We, the jury, unanimously find in favor of defendant with respect to all Title VII claims involving ______________.

(If you check this response, go no further.)

Question 2

We, the jury, award compensatory damages for the benefit of ______________ in the following amount:

$ ___________ .

Question 3

We, the jury, award punitive damages for the benefit of ___________ in the following amount: $___________ .

Each juror should sign and date the verdict form.

| | |
|---|---|
| ___________ Date | ____________________________ Signature of Foreperson |
| ___________ Date | ____________________________ Signature of Juror |
| ___________ Date | ____________________________ Signature of Juror |
| ___________ Date | ____________________________ Signature of Juror |
| ___________ Date | ____________________________ Signature of Juror |
| ___________ Date | ____________________________ Signature of Juror |
| ___________ Date | ____________________________ Signature of Juror |

CERTIFICATE OF SERVICE

I hereby certify that on July 7,2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Laurie E. Martin
Amanda Mulroony
Andrew W. Hull
HOOVER HULL TURNER, LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989

/s/ Nedra Campbell
Nedra Campbell
EEOC Detroit Field Office
477 Michigan Avenue,
Room 865
Detroit, Michigan 48226
(313) 774-0039
nedra.campbell@eeoc.gov

/s/ Dale Price
Dale Price
EEOC Detroit Field Office
477 Michigan Avenue,
Room 865
Detroit, Michigan 48226
(313) 774-0028
FAX: (313) 226-6854
dale.price@eeoc.gov