IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE VILLAGE AT HAMILTON POINTE LLC, d/b/a HAMILTON POINTE HEALTH AND REHABILITATION CENTER d/b/a HAMILTON POINTE ASSISTED LIVING CENTER; and d/b/a THE COTTAGES AT HAMILTON POINTE,<br><br>Defendant. | Case No. 3:17-cv-00147-RLY-MPB |

**DEFENDANT'S TENDER OF PROPOSED JURY INSTRUCTIONS**

Defendant, The Village at Hamilton Pointe LLC ("Defendant" or "Hamilton Pointe"), by counsel, hereby submit the following proposed jury instructions. Hamilton Pointe reserves the right to supplement, amend, withdraw, or modify these instructions as necessary during and at the conclusion of trial, including but not limited to changes warranted by rulings on any pending motions in limine.

Respectfully submitted,

*/s/ Laurie E. Martin*
Andrew W. Hull (#11218-49)
Laurie E. Martin (#26877-49)
Amanda L.B. Mulroony (#30051-49)
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400

P. O. Box 44989
Indianapolis, IN 46244-0989
Telephone: (317) 822-4400
Facsimile: (317) 822-0234
awhull@hooverhullturner.com
lmartin@hooverhullturner.com
amulroony@hooverhullturner.com

*Attorneys for Defendant Hamilton Pointe*

1215726

PROPOSED JURY INSTRUCTIONS TABLE OF CONTENTS

*Preliminary Instructions*


1. Introductory paragraphs ........ 5
2. Order of Trial ........ 6
3. Claims and Defenses (Issue Instruction) ........ 7
4. Burden of Proof – Preponderance of the Evidence ........ 9
5. Evidence in the Case ........ 10
6. Credibility of Witnesses ........ 11
7. Direct and Circumstantial Evidence ........ 12
8. Inferences ........ 13
9. What is Not Evidence; Evidence for Limited Purpose ........ 14
10. Rulings on Objections ........ 15
11. Bench Conferences ........ 16
12. Note-Taking – Allowed ........ 17
13. No Transcript Available to Jury ........ 18
14. Questions by Jurors - Permitted ........ 19
15. Judge's Questions ........ 20
16. Jury Conduct ........ 21


*Final Instructions*


1. Functions of the Court and the Jury ........ 22
2. No inference from Judge's Questions ........ 23
3. All Litigants Equal Before the Law ........ 24
4. Evidence ........ 25
5. Deposition Testimony ........ 26
6. What is Not Evidence ........ 27
7. Note-Taking ........ 28
8. Consideration of All Evidence Regardless of Who Produced ........ 29
9. Limited Purpose of Evidence ........ 30
10. Evidence Limited to Certain Parties ........ 31
11. Weighing the Evidence ........ 32
12. Definition of "Direct" and "Circumstantial" Evidence ........ 33
13. Testimony of Witnesses (Deciding What to Believe) ........ 34

14. Prior Inconsistent Statements or Acts ..... 35
15. Impeachment of Witness - Convictions ..... 36
16. Lawyer Interviewing Witness ..... 37
17. Number of Witnesses ..... 38
18. Absence of Evidence ..... 39
19. Summaries ..... 40
20. Demonstrative Exhibits ..... 41
21. Multiple Claims; Multiple Plaintiffs/Defendants ..... 42
22. Burden of Proof –Preponderance of the Evidence ..... 43
23. No Need to Consider Damages Instruction ..... 44
24. The EEOC Must Establish a Basis to Recover Individual Relief for Each Claimant ..... 45
25. General Employment Discrimination Instructions ..... 46
26. Mixed Motive ..... 47
27. Harassment by Co-Employee or Third Party ..... 48
28. Supervisor Harassment with No Tangible Employment Action ..... 49
29. Supervisor Harassment with Tangible Employment Action Disputed ..... 51
30. Materially Adverse Employment Action ..... 54
31. Hostile or Abusive Work Environment ..... 55
32. Reasonableness of Defendant's Action ..... 57
33. Bona Fide Occupational Qualification ..... 58
34. CMS Regulations – Resident Rights ..... 59
35. CMS Regulations – Freedom from Abuse, Neglect and Exploitation ..... 62
36. Damages - General ..... 64
37. Compensatory Damages ..... 65
38. Selection of Presiding Juror; General Verdict ..... 66
39. Communication with Court ..... 67
40. Disagreement Among Jurors ..... 68

# I. DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS

## DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 1

*Introductory paragraphs*

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.

At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Authority: Seventh Circuit Pattern Jury Instr., Appendix: Sample Preliminary Instructions, *Introductory paragraphs*, p. 411 (2017 rev.)

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 2

*Order of Trial*

The trial will proceed in the following manner:

First, the EEOC's attorney may make an opening statement. Next, Hamilton Pointe's attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, the EEOC will call witnesses and present evidence. Then, Hamilton Pointe will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, the EEOC may be permitted to present rebuttal evidence and Hamilton Pointe may be permitted to present sur-rebuttal evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

Authority: Seventh Circuit Pattern Jury Instr., Appendix: Sample Preliminary Instructions, *Order of Trial*, p. 411-12 (2017 rev.)

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 3

*Claims and Defenses (Issue Instruction)*

The Plaintiff is a government agency, the Equal Employment Opportunity Commission ("EEOC"). The EEOC asserts claims on behalf of seven individual Claimants: DeLoris Cook, Amber Cottrell, Angela Gilbert, Donna Grissett, Roshaun Middleton, Yana Shelby and Aleshia Smith.

The Defendant is a skilled nursing facility in Evansville, Indiana called The Villages at Hamilton Pointe ("Hamilton Pointe).

The Claimants were Certified Nursing Assistants ("CNAs") at Hamilton Pointe during some period of time between February 1, 2015 and October 12, 2017.

The EEOC asserts that each Claimant was harassed at work during their respective employment period because of their race, African American. The Claimants assert that they were subjected to a hostile work environment by Hamilton Pointe based on comments or conduct by nursing home residents and/or other employees at Hamilton Pointe. To succeed on behalf of any Claimant, the EEOC must prove its claim by a preponderance of the evidence as to that individual Claimant. If you find that the EEOC did not establish the elements of a hostile work environment for an individual Claimant, then you must find for Hamilton Pointe as to that Claimant. I will later instruct you on the elements of a hostile work environment claim.

Hamilton Pointe denies the EEOC's and Claimants' claims. It denies that any Claimant was subjected to a hostile work environment because of the Claimant's race. It denies that any alleged conduct was sufficiently severe or pervasive such that a reasonable person in each Claimant's position would find his or her work environment to be hostile or abusive. It further denies knowledge of alleged conduct, or that any Claimant believed that the alleged conduct made his or her work environment hostile or abusive at the time the conduct occurred. Furthermore, to the extent that Hamilton Pointe was alerted to any situation alleged by a Claimant to create a hostile work environment, Hamilton Pointe took reasonable steps to investigate and/or correct the situation(s).

What I have just given you is only a preliminary outline. At the end of the trial, I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

Authority: Seventh Circuit Pattern Jury Instr., Appendix: Sample Preliminary Instructions, *Claims and Defenses*, p. 412 (2017 rev.) (modified).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 4

*Burden of Proof – Preponderance of the Evidence*

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Authority: Seventh Circuit Pattern Jury Instr., Appendix: Sample Preliminary Instructions, *Burden of Proof - Preponderance*, p. 412 (2017 rev.); Seventh Circuit Pattern Civil Jury Instr. § 1.27, *Burden of Proof* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 5

*Evidence in the Case*

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find.

Authority: Seventh Circuit Pattern Jury Instr., Appendix: Sample Preliminary Instructions, *Evidence in the Case*, p. 413 (2017 rev.) (modified); *see also* Seventh Circuit Pattern Civil Jury Instr. § 1.04, *Evidence* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 6

*Credibility of Witnesses*

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also have to decide what weight, if any, you give to the testimony of each witness.

Authority: Seventh Circuit Pattern Jury Instr., Appendix: Sample Preliminary Instructions, *Credibility of Witnesses*, p. 413 (2017 rev.); *see also* Seventh Circuit Pattern Civil Jury Instr. § 1.13, *Testimony of Witness: Deciding What to Believe* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 7

*Direct and Circumstantial Evidence*

You may have heard the phrases "direct evidence" and "circumstantial evidence."

Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. When the time comes to deliberate on your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Authority: Seventh Circuit Pattern Jury Instr., Appendix: Sample Preliminary Instructions, *Direct and Circumstantial Evidence*, p. 414 (2017 rev.); *see also* Seventh Circuit Pattern Civil Jury Instr. § 1.12, *Definition of "Direct" and "Circumstantial" Evidence* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 8

*Inferences*

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Authority: Seventh Circuit Pattern Jury Instr., Appendix: Sample Preliminary Instructions, *Inferences*, p. 414 (2017 rev.); Seventh Circuit Pattern Civil Jury Instr. § 1.11, *Weighing the Evidence* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 9

*What is Not Evidence; Evidence for Limited Purpose*

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: the attorneys' statements, arguments, questions, and objections of the attorneys; any testimony that I instruct you to disregard; and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Authority: Seventh Circuit Pattern Jury Instr., Appendix: Sample Preliminary Instructions, *What is Not Evidence; Evidence for Limited Purpose*, p. 414-15 (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

<u>DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 10</u>

*Rulings on Objections*

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

<u>Authority:</u> Seventh Circuit Pattern Jury Instr., Appendix: Sample Preliminary Instructions, *Rulings on Objections*, p. 415 (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 11

*Bench Conferences*

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Authority: Seventh Circuit Pattern Jury Instr., Appendix: Sample Preliminary Instructions, *Bench Conferences*, p. 415-16 (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 12

*Note-Taking – Allowed*

Any notes you take during this trial are only aids to your memory. The notes are not evidence. If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

When you leave the courthouse during the trial, your notes should be left in the courtroom.

When you leave at night, your notes will be secured and not read by anyone. At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.

Authority: Seventh Circuit Pattern Jury Instr., Appendix: Sample Preliminary Instructions, *Note-Taking – Allowed*, p. 416 (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 13

*No Transcript Available to Jury*

Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult.

Authority: Seventh Circuit Pattern Jury Instr., Appendix: Sample Preliminary Instructions, *No Transcript Available to Jury*, p. 416-17 (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 14

*Questions by Jurors - Permitted*

You may submit questions to witnesses to clarify their testimony during trial under certain conditions.

If you feel the answer to your question would be helpful in understanding this case, you should raise your hand after the lawyers have completed their examinations but before the witness is excused. I will have you write your question and hand it to the clerk. I will then privately confer with the lawyers about the question and make a ruling on whether the law allows the question to be asked of that witness. If the question is of the type that is allowed, I will address the question to the witness. Please do not directly speak to me, the lawyers, or the witnesses, but carefully follow this procedure if you wish to have a specific question addressed to a witness.

Authority: Seventh Circuit Pattern Jury Instr., Appendix: Sample Preliminary Instructions, *Questions by Jurors - Permitted*, p. 417 (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 15

*Judge's Questions*

During the trial, I may sometimes ask a witness questions. Do not assume that because I ask questions I hold any opinion on the matters I ask about, or on how the case should be decided.

Authority: Seventh Circuit Pattern Jury Instr., Appendix: Sample Preliminary Instructions, *Judge's Questions*, p. 418 (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. 16

*Jury Conduct*

All jurors must follow certain rules of conduct, and you must follow them, too.

First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. You must not let others discuss the case with you. If anyone tries to talk to you about the case please let me know about it immediately;

Second, you must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, you must not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me, you must give a signed note to the bailiff to give to me; and

Fifth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Authority: Seventh Circuit Pattern Jury Instr., Appendix: Sample Preliminary Instructions, *Jury Conduct*, p. 418 (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

## II. DEFENDANT'S PROPOSED FINAL JURY INSTRUCTIONS

### DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 1

*Functions of the Court and the Jury*

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy/prejudice to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.01, *Functions of the Court and the Jury* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 2

*No inference from Judge's Questions*

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.02, *No inference from Judge's Questions* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 3

*All Litigants Equal Before the Law*

In this case the defendant is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.03, *All Litigants Equal Before the Law* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 4

*Evidence*

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

[if applicable] I have taken judicial notice of certain facts. You must accept those facts as proved.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.04, *Evidence* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 5

*Deposition Testimony*

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.05, *Deposition Testimony* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 6

*What is Not Evidence*

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.06, *What is Not Evidence* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 7

*Note-Taking*

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.07, *Note-Taking* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 8

*Consideration of All Evidence Regardless of Who Produced*

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.08, *Consideration of All Evidence Regardless of Who Produced* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 9

*Limited Purpose of Evidence*

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.[1]

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.09, *Limited Purpose of Evidence* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

[1] Defendant asks the Court to instruct the jury on any limited purpose of evidence at the time the evidence is presented, and reserves the right to request that the Court supplement its final instruction to remind the jury of the specific evidence so admitted and the specific purpose for which it was admitted.

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 10

*Evidence Limited to Certain Parties*

The Plaintiff EEOC must prove each claimant's case solely on the evidence that applies to that Claimant. You must consider the evidence concerning that Claimant only in the case for that Claimant. You must not consider it for any other Claimant.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.10, *Evidence Limited to Certain Parties* (2017 rev.) (modified); 42 U.S.C. § 2000e-5(f)(1), (3) and 42 U.S.C. §1981a; *EEOC v. IPS Indus., Inc.*, 899 F. Supp. 2d 507, 517 (N.D. Miss. 2012) (sex harassment) ("'Each claimant will be required to satisfy each element of the [hostile work environment] claim, including severity or pervasiveness, based on their individual experience.'") (quoting *EEOC v. O'Reilly Automotive Inc.*, 2010 WL 5391183, *5 (S.D.Tex.2010) (race-based hostile work environment)); *EEOC v. CRST Van Expedited, Inc.*, 611 F.Supp.2d 918, 929 (N.D. Iowa 2009) ("[T]he EEOC stands in the shoes of those aggrieved persons in the sense that it must prove all of the elements of their sexual harassment claims to obtain individual relief for them.").
.

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 11

*Weighing the Evidence*

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.11, *Weighing the Evidence* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 12

*Definition of "Direct" and "Circumstantial" Evidence*

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence, that relates to each Claimant.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.12, *Definition of "Direct" and "Circumstantial" Evidence* (2017 rev.) (modified).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 13

*Testimony of Witnesses (Deciding What to Believe)*

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.13, *Testimony of Witnesses (Deciding What to Believe)* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 14

*Prior Inconsistent Statements or Acts*

You may consider statements given by a Claimant or Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.14, *Prior Inconsistent Statements or Acts* (2017 rev.) (modified to reflect "Claimant" instead of "Party").

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 15

*Impeachment of Witness - Convictions*

You have heard evidence that DeLoris Cook has been convicted of a crime. You may consider this evidence only in deciding whether DeLoris Cook's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.15, *Impeachment of Witness - Conviction* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 16

*Lawyer Interviewing Witness*

It is proper for a lawyer to meet with any witness in preparation for trial.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.16, *Lawyer Interviewing Witness* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 17

*Number of Witnesses*

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.17, *Number of Witnesses* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 18

*Absence of Evidence*

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.18, *Absence of Evidence* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 19

*Summaries*

Stipulated

The parties agree that CNA flow sheet and medication administration record charts/summaries accurately summarizes the contents of electronic medical records. You should consider these summaries just like all of the other evidence in the case.[2]

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.23, *Summaries* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

[2] Alternatively:

Not Stipulated

Certain electronic medical records summaries (flow sheets and medication administration records) are in evidence. The original materials used to prepare those summaries also are in evidence. It is up to you to decide if the summaries are accurate.

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 20

*Demonstrative Exhibits*

Certain [describe demonstrative exhibit, e.g., models, diagrams, devices, sketches] have been shown to you. Those [short description] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.24, *Demonstrative Exhibits* (2017 rev.).

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 21

*Multiple Claims; Multiple Plaintiffs/Defendants*

You must give separate consideration to each claimant in this case. Although the EEOC has sued on behalf of seven individual claimants, it does not follow that if one is successful, the others are, too.

In considering each claimant's claim against the defendant, you must not consider evidence admitted only as to other claims.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.25, *Multiple Claims; Multiple Plaintiffs/Defendants* (2017 rev.) (modified).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 22

*Burden of Proof –Preponderance of the Evidence*

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.27, *Burden of Proof* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 23

*No Need to Consider Damages Instruction*

If you decide for Defendant on the question of liability for any Claimant, then you should not consider the question of damages for that Claimant.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.31, *No Need to Consider Damages Instruction* (2017 rev.) (modified).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 24

*The EEOC Must Establish a Basis to Recover Individual Relief for Each Claimant*

The EEOC brings this suit under Section 706 of Title VII, which allows the EEOC to recover individual relief including compensatory damages on behalf of allegedly aggrieved individuals.

The EEOC must prove that the Defendant violated Title VII with respect to each individual Claimant in order to recover on that claimant's behalf. Stated another way, for each Claimant, there must be individualized proof of every element of each claim.

Authority: 42 U.S.C. § 2000e-5(f)(1), (3) and 42 U.S.C. §1981a; *EEOC v. IPS Indus., Inc.*, 899 F. Supp. 2d 507, 517 (N.D. Miss. 2012) (sex harassment) ("'Each claimant will be required to satisfy each element of the [hostile work environment] claim, including severity or pervasiveness, based on their individual experience.'") (quoting *EEOC v. O'Reilly Automotive Inc.*, 2010 WL 5391183, *5 (S.D.Tex.2010) (race-based hostile work environment)); *EEOC v. CRST Van Expedited, Inc.*, 611 F.Supp.2d 918, 929 (N.D. Iowa 2009) ("[T]he EEOC stands in the shoes of those aggrieved persons in the sense that it must prove all of the elements of their sexual harassment claims to obtain individual relief for them.").

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 25

*General Employment Discrimination Instructions*

The EEOC represents seven individual Claimants who each claim that he or she was harassed at work by Hamilton Pointe because of race. To succeed on behalf of any Claimant, the EEOC must prove by a preponderance of the evidence that he or she was harassed at work by Hamilton Pointe because of his or her race. To determine that a claimant was harassed at work because of his or her race, you must decide that Hamilton Pointe would not have harassed a Claimant had he or she not been African-American but everything else had been the same. What constitutes harassment at work is defined in a later instruction.

If you find that the EEOC has proved this by a preponderance of the evidence for an individual claimant, then you must find for that claimant. However, if you find that the EEOC did not prove this by a preponderance of the evidence for an individual claimant, then you must find for Defendant as to that claimant.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 3.01, *General Employment Discrimination Instructions* (2017 rev.) (modified).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 26

*Mixed Motive*[3]

Plaintiff must prove by a preponderance of the evidence that a Claimant's race was a motivating factor in Defendant's decision to [adverse employment action] him or her. A motivating factor is something that contributed to Defendant's decision.

If you find that Plaintiff has proved that his or her race contributed to Defendant's decision to [adverse employment action] him, you must then decide whether Defendant proved by a preponderance of the evidence that it would have [adverse employment action] him or her even if the Claimant was not African-American. If so, you must enter a verdict for the Claimant but you may not award him damages.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 3.01, *General Employment Discrimination Instructions* cmt. c (Mixed Motive Instruction) (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

[3] Defendant reserves the right to modify or withdraw this proposed instruction, including based on evidence that is admitted at trial. Defendant currently does not believe this instruction is warranted by the facts because there is no alleged adverse employment action with respect to any Claimant or evidence of consideration of any improper motivating factor, as opposed to legitimate non-discriminatory factors, for any alleged actions taken or not taken in this case. It tenders the pattern instruction out of an abundance of caution to preserve the affirmative defense raised and to avoid any potential waiver/timeliness argument by Plaintiff.

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 27

*Harassment by Co-Employee or Third Party*

In this case, the EEOC claims that DeLoris Cook, Amber Cottrell, Angela Gilbert, Donna Grissett, RoShaun Middleton, Aleshia Smith, and Yana Shelby were each racially harassed at work by co-workers, nursing home residents or resident family members. To succeed on this claim, the EEOC must prove seven things on behalf of each claimant by a preponderance of the evidence:

1. Each Claimant was subjected to harassing conduct;

2. The conduct was unwelcome;

3. The conduct occurred because the Claimant's race was African-American;

4. The conduct was sufficiently severe or pervasive that a reasonable person in that Claimant's position would find his or her work environment to be hostile or abusive;

5. At the time the conduct occurred, Cook, Cottrell, Gilbert, Grissett, Middleton, Smith or Shelby believed that the conduct made his or her work environment hostile or abusive;

6. Hamilton Pointe knew or should have known about the conduct; and

7. Hamilton Pointe did not take reasonable steps to correct the situation or prevent harassment from recurring.

If you find that the EEOC has proved by a preponderance of the evidence each of the things required of it on behalf of a claimant, then you must find for that claimant. However, if the EEOC did not prove by a preponderance of the evidence each of the things required of it with respect to a claimant, then you must find for Hamilton Pointe as to that claimant.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 3.04, *Harassment by Co-Employee or Third Party* (2017 rev.) (modified).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 28

*Supervisor Harassment with No Tangible Employment Action*

The EEOC claims that some of the Claimants[4] were racially harassed by an alleged supervisor. The law treats these claims differently than claims involving co-employees or third parties. To succeed on this claim, the EEOC must prove six things by a preponderance of the evidence for any such claimant.

1. [Name][5] was [the Claimant's] supervisor. A supervisor is someone who can affect the conditions of the claimant's employment. By this I mean someone who has the power to hire, fire, demote, promote, transfer or discipline the claimant.

2. The Claimant was subjected to [alleged conduct];[6]

3. The conduct was unwelcome;

4. The conduct occurred because the Claimant was African-American;

5. The conduct was sufficiently severe or pervasive that a reasonable person in the Claimant's position would find his or her work environment to be hostile or abusive.

6. At the time the conduct occurred, the Claimant believed that the conduct made his or her work environment hostile or abusive.

---

[4] The EEOC should be required to identify each Claimant for which it claims any supervisor harassment to the extent it believes the facts warrant giving this instruction, to correctly state the law and applicable burden(s) of proof, as well as avoid juror confusion and prejudice to Hamilton Pointe. *See Mason v. Southern Ill. Univ. at Carbondale*, 233 F.3d 1036, 1045 (7th Cir. 2000) (discussing that district courts are required to separate conduct by a supervisor from conduct by co-workers in order to apply the appropriate standards for employer liability). "If a Plaintiff pursues a hostile work environment claim based on the behavior of a supervisor, evidence of harassment by a coworker logically must be tied somehow to the supervisor for it to be relevant and admissible. Otherwise, including such evidence could confuse the jury and prejudice the defendant." *Id.* (citing Fed. R. Evid. 403).

[5] The EEOC should be required to identify the alleged supervisor for which it claims any alleged supervisor harassment as to any claimant to the extent it believes the facts warrant giving this instruction, to correctly state the law and applicable burden(s) of proof, as well as avoid juror confusion and prejudice to Hamilton Pointe. *See Mason*, 233 F.3d at 1045.

[6] The EEOC should be required to identify the alleged conduct for which it claims any alleged supervisor harassment as to any Claimant to the extent it believes the facts warrant giving this instruction, to correctly state the law and applicable burden(s) of proof, as well as avoid juror confusion and prejudice to Hamilton Pointe. *See Mason*, 233 F.3d at 1045.

If you find that the EEOC did not prove by a preponderance of the evidence each of the things required of it on behalf of [the Claimant], then you must find for Hamilton Pointe. If, on the other hand, the EEOC has proved each of these things on behalf of a claimant, you must go on to consider whether Hamilton Pointe has proved two things by a preponderance of the evidence:

1. Hamilton Pointe exercised reasonable care to prevent and correct any harassing conduct in the workplace.

2. The claimant unreasonably failed to take advantage of opportunities provided by Hamilton Pointe to prevent or correct harassment, or otherwise avoid harm.

If you find that Hamilton Pointe has proved these two things by a preponderance of the evidence, your verdict should be for Hamilton Pointe as to that claimant. If you find that Defendant has not proved both of these things as to that claimant, your verdict should be for that claimant.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 3.05B, *Supervisor Harassment with No Tangible Employment Action* (2017 rev.) (modified to reflect EEOC as plaintiff for claimants).

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 29

*Supervisor Harassment with Tangible Employment Action Disputed*[7]

The EEOC claims that some of the Claimants[8] were racially harassed by an alleged supervisor. The law treats these claims differently than claims involving co-employees or third parties. To succeed on this claim, the EEOC must prove six things by a preponderance of the evidence for any such Claimant.

1. [Name][9] was [the Claimant's] supervisor. A supervisor is someone who can affect the conditions of the claimant's employment. By this I mean someone who has the power to hire, fire, demote, promote, transfer or discipline the claimant.

2. The Claimant was subjected to [alleged conduct];[10]

3. The conduct was unwelcome;

4. The conduct occurred because the Claimant was African-American;

---

[7] Hamilton Pointe tenders this Instruction as an alternative to Instruction 29 *supra*. Plaintiff does not allege any adverse employment action. Accordingly, to the extent the EEOC alleges supervisor harassment and identifies the applicable Claimant, alleged Supervisor and conduct, the "Supervisor Harassment with No Tangible Employment Action" instruction is appropriate.

[8] The EEOC should be required to identify each Claimant for which it claims any supervisor harassment to the extent it believes the facts warrant giving this instruction, to correctly state the law and applicable burden(s) of proof, as well as avoid juror confusion and prejudice to Hamilton Pointe. *See Mason v. Southern Ill. Univ. at Carbondale*, 233 F.3d 1036, 1045 (7th Cir. 2000) (discussing that district courts are required to separate conduct by a supervisor from conduct by co-workers in order to apply the appropriate standards for employer liability). "If a Plaintiff pursues a hostile work environment claim based on the behavior of a supervisor, evidence of harassment by a coworker logically must be tied somehow to the supervisor for it to be relevant and admissible. Otherwise, including such evidence could confuse the jury and prejudice the defendant." *Id.* (citing Fed. R. Evid. 403).

[9] The EEOC should be required to identify the alleged supervisor for which it claims any alleged supervisor harassment as to any Claimant to the extent it believes the facts warrant giving this instruction, to correctly state the law and applicable burden(s) of proof, as well as avoid juror confusion and prejudice to Hamilton Pointe. *See Mason*, 233 F.3d at 1045.

[10] The EEOC should be required to identify the alleged conduct for which it claims any alleged supervisor harassment as to any Claimant to the extent it believes the facts warrant giving this instruction, to correctly state the law and applicable burden(s) of proof, as well as avoid juror confusion and prejudice to Hamilton Pointe. *See Mason*, 233 F.3d at 1045.

5. The conduct was sufficiently severe or pervasive that a reasonable person in the Claimant's position would find his or her work environment to be hostile or abusive.

6. At the time the conduct occurred, the Claimant believed that the conduct made his or her work environment hostile or abusive.

If the EEOC did not prove each of these things by a preponderance of the evidence on behalf of a Claimant, you must find for Hamilton Pointe as to that Claimant. If you find that the EEOC has proved all of these things by a preponderance of the evidence for a Claimant, you must consider whether the EEOC can prove one additional fact as to that Claimant:

7. That [Name]'s conduct caused the claimant [adverse employment action].[11]

If so, your verdict must be for [that Claimant.] If not, you must go on to consider whether Hamilton Pointe has proved two things to you by a preponderance of the evidence.

1. Hamilton Pointe exercised reasonable care to prevent and correct any harassing conduct in the workplace.

2. The claimant unreasonably failed to take advantage of opportunities provided by Hamilton Pointe to prevent or correct harassment, or otherwise avoid harm.

If you find that Hamilton Pointe has proved these two things by a preponderance of the evidence, your verdict should be for Hamilton Pointe as to that claimant. If you find that Defendant has not proved both of these things as to that claimant, your verdict should be for that claimant.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 3.05B, *Supervisor Harassment with No Tangible Employment Action* (2017 rev.) (modified to reflect EEOC as plaintiff for claimants) and comment (e) (where tangible employment action is disputed).

Given _______

[11] Defendant does not believe this instruction is warranted by the facts or law because there is no alleged adverse employment action with respect to any Claimant. It tenders the pattern instruction as an alternative to Instruction No. 29 out of an abundance of caution to avoid any potential waiver/timeliness argument by Plaintiff.

Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 30

*Materially Adverse Employment Action*[12]

The EEOC must prove that [a Claimant's] [alleged consequence of Defendant's conduct] was a "materially adverse employment action." Not everything that makes an employee unhappy is a materially adverse employment action. It must be something more than a minor or trivial inconvenience. For example, a materially adverse employment action exists when job conditions are changed in a way that significantly changes his work environment in an unfavorable way.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 3.01, *General Employment Discrimination Instructions* comment (e) (defining "materially adverse employment action") (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

[12] Again, Defendant does not believe this instruction is warranted by the facts or law because there is no alleged adverse employment action with respect to any Claimant. It tenders this pattern instruction as a companion instruction to alternative Instruction No. 30 out of an abundance of caution to avoid any potential waiver/timeliness argument by Plaintiff.

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 31

*Hostile or Abusive Work Environment*

To decide whether a reasonable person would find a Claimant's work environment hostile or abusive, you must look at all the circumstances existing or known to the Claimant at the time of employment. These circumstances may include the frequency of the conduct; its severity; its duration; whether it was physically threatening or humiliating, and whether it unreasonably interfered with the claimant's work performance. No single factor is required in order to find a work environment hostile or abusive.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, sporadic or occasional use of abusive language, gender or race related jokes, and occasional teasing, does not constitute an abusive or hostile environment. You should consider all the circumstances and the social context in which the conduct occurred. You should also consider the nature of the workplace – a nursing home – and the relationship between the alleged harassed claimants – certified nursing assistants – and alleged harassing party to determine objectively whether a hostile work environment has been established. Only conduct amounting to a material change in the terms and conditions of employment amounts to an abusive or hostile environment.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 3.04, *Harassment by Co-Employee or Third Party* comment c (2017 rev.) (first paragraph) (modified) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-788 (1998); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993); EIGHTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.42 Committee Comments (2001). *Mason v. Southern Illinois University at Carbondale*, 233 F.3d 1036, 1044-1045 (7th Cir. 2000) ("If a plaintiff claims that he is suffering a hostile work environment based on the conduct of coworkers and supervisors, then under the Supreme Court's totality of circumstances approach . . . all instances of harassment by all parties are relevant to proving that his environment is sufficiently severe or pervasive . . . Courts should not carve up the incidents of harassment and then separately analyze each incident, by itself, to see if each rises to the level of being severe or pervasive."));

Seventh Circuit Pattern Civil Jury Instr. § 3.04, *Harassment by Co-Employee or Third Party* comment d (2017 rev.) (modified); *Alamo v. Bliss*, 864 F.3d 541, 550 (7th Cir. 2017) (quoting *Robinson v. Sappington*, 351 F.3d 317, 330 (7th Cir. 2003)) ("The specific circumstances of the working environment and the relationship between the harassing party and the harassed ... bear on whether that [objectively hostile] line is crossed."); *Cain v. Blackwell*, 246 F.3d 758 (5th Cir. 2001)

("[B]ehavior exhibited by nursing home patients suffering from dementia or other mental diseases can be expected to be outside ordinary social boundaries; it is the reason they reside in such facilities."); *EEOC v. Nexion Health at Broadway, Inc.*, 199 Fed. Appx. 351, 354 (5th Cir. 2006) ("These circumstances alone cannot support a hostile work environment claim . . . because the harassment Johnson suffered did not objectively interfere with his work performance or undermine his workplace competence. Johnson's job required him to deal with the tragic failings of elderly people whose minds have essentially failed. Absorbing occasional verbal abuse from such patients was not merely an inconvenience associated with his job; it was an important part of the job itself. This unique aspect of Johnson's line of employment is a vital consideration. He worked in a place where most of the people around him were often unable to control what they said or did. It is objectively unreasonable for an employee in such a workplace to perceive a racially hostile work environment based solely on statements made by those who are mentally impaired."); *Pickett v. Sheridan Health Care Ctr.*, No. 07 C 1722, 2008 WL 719224, at *4 (N.D. Ill. Mar. 14, 2008) (three instances of inappropriate resident conduct including verbal threats, humiliation, and unwanted touching over eight months were insufficient in the context of a nursing home providing care for residents with mental illnesses to establish severe or pervasive harassment); *Powell v. Morris*, 37 F.Supp.2d 1011, 1018 (S.D. Ohio 1999) (in prison context, "[i]t is absurd to expect that a prison can actually stop all obscene comments and conduct from ... people who have been deemed unsuited to live in normal society.") (second paragraph).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 32

*Reasonableness of Defendant's Action*

In deciding the EEOC's claims on behalf of each claimant, you should not concern yourselves with whether Hamilton Pointe's actions were wise, reasonable, or fair. Rather, your concern is only whether the EEOC has proved that Hamilton Pointe subjected each Claimant to a hostile work environment because of his or her race.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 3.07, *Cautionary Instruction on Reasonableness of Defendant's Action* (2017 rev.) (modified to reflect EEOC as plaintiff for claimants).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 33

*Bona Fide Occupational Qualification*

During the trial you heard evidence that Hamilton Pointe may have honored or attempted to honor residents' requests that nursing care be provided only by nursing staff of the same sex as the resident.

In health care facilities like Hamilton Pointe, the law allows gender to serve as a "bona fide occupational qualification" to accommodate patients' privacy interests. In other words, it is permissible for Hamilton Pointe to honor or accommodate a resident's preference for same-sex CNA and/or nursing care.

As a result, the decision by Hamilton Pointe to honor or accommodate a resident's preference for same-sex CNA and/or nursing care may not form the basis for any claim of hostile work environment against Hamilton Pointe.

Authority: *Chaney v. Plainfield Healthcare Ctr.*, 612 F.3d 908, 913 (7th Cir. 2010) ("Title VII allows an employer to respect a preference for same-sex health providers") (citing *Jennings v. N.Y. State Office of Mental Health*, 786 F.Supp. 376, 383 (S.D.N.Y. 1992); *Local 567 Am. Fed'n of State, County, and Mun. Employees v. Michigan*, 635 F.Supp. 1010, 1013 (E.D.Mich. 1986); *Backus v. Baptist Med. Ctr.*, 510 F.Supp. 1191, 1193 (E.D. Ark. 1981); *Fesel v. Masonic Home of Del., Inc.*, 447 F.Supp. 1346 (D.Del.1978) (*aff'd by* 591 F.2d 1334 (3d Cir. 1979)).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 34

*CMS Regulations – Resident Rights*

Hamilton Pointe is a skilled nursing facility. Skilled nursing facilities are required to comply with federal regulations contained in 42 CFR Part 483, Subpart B, to receive payment under the Medicare or Medicaid programs. These regulations are referred to as requirements for participation.

Skilled nursing facilities are required to protect and promote the rights of the resident. This is sometimes referred to as "resident rights."

The resident rights regulation, 42 CFR § 483.10, includes the following:

- The facility must ensure that the resident can exercise his or her rights without interference, coercion, discrimination, or reprisal from the facility.

- The resident has the right to be free of interference, coercion, discrimination, and reprisal from the facility in exercising his or her rights and to be supported by the facility in the exercise of his or her rights as required under this subpart.

- The resident has the right to be informed of, and participate in, his or her treatment, including the right to participate in the development and implementation of his or her person-centered plan of care.

- The facility shall inform the resident of the right to participate in his or her treatment and shall support the resident in this right. The planning process must—
    - Facilitate the inclusion of the resident and/or resident representative.
    - Include an assessment of the resident's strengths and needs.
    - Incorporate the resident's personal and cultural preferences in developing goals of care.

- The resident has the right to be informed, in advance, of the care to be furnished and the type of care giver or professional that will furnish care.

- The right to request, refuse, and/or discontinue treatment, to participate in or refuse to participate in experimental research, and to formulate an advance directive.

- The resident has a right to be treated with respect and dignity, including:
    - The right to be free from any physical or chemical restraints imposed for purposes of discipline or convenience, and not required to treat the resident's medical symptoms, consistent with § 483.12(a)(2).

- The right to reside and receive services in the facility with reasonable accommodation of resident needs and preferences except when to do so would endanger the health or safety of the resident or other residents.
- The right to refuse to transfer to another room in the facility, if the purpose of the transfer is solely for the convenience of staff.

–The resident has the right to and the facility must promote and facilitate resident self-determination through support of resident choice, including but not limited to -

- The resident has a right to choose activities, schedules (including sleeping and waking times), health care and providers of health care services consistent with his or her interests, assessments, plan of care and other applicable provisions of this part.
- The resident has the right to make choices about aspects of his or her life in the facility that are significant to the resident.

- The resident has the right to voice grievances to the facility or other agency or entity that hears grievances without discrimination or reprisal and without fear of discrimination or reprisal. Such grievances include those with respect to care and treatment which has been furnished as well as that which has not been furnished, the behavior of staff and of other residents; and other concerns regarding their LTC facility stay.

- The resident has the right to and the facility must make prompt efforts by the facility to resolve grievances the resident may have.

- The facility must establish a grievance policy to ensure the prompt resolution of all grievances regarding the residents' rights. The grievance policy must include:

- Notifying resident individually or through postings in prominent locations throughout the facility of the right to file grievances orally (meaning spoken) or in writing; the right to file grievances anonymously; the contact information of the grievance official with whom a grievance can be filed;
-As necessary, taking immediate action to prevent further potential violations of any resident right while the alleged violation is being investigated;
- Consistent with § 483.12(c)(1), immediately reporting all alleged violations involving neglect, abuse, including injuries of unknown source, and/or misappropriation of resident property, by anyone furnishing services on behalf of the provider, to the administrator of the provider; and as required by State law;
- Ensuring that all written grievance decisions include the date the grievance was received, a summary statement of the resident's grievance, the steps taken to investigate the grievance, a summary of the pertinent findings or conclusions regarding the resident's concern(s), a statement as to whether the grievance was confirmed or not confirmed, any corrective action taken or to

be taken by the facility as a result of the grievance, and the date the written decision was issued;
- Taking appropriate corrective action in accordance with State law if the alleged violation of the residents' rights is confirmed by the facility or if an outside entity having jurisdiction, such as the State Survey Agency, Quality Improvement Organization, or local law enforcement agency confirms a violation of any of these residents' rights within its area of responsibility.

Authority: 42 C.F.R. § 483.10.

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 35

*CMS Regulations – Freedom from Abuse, Neglect and Exploitation*

Skilled nursing facilities are required by federal law to protect residents from abuse and neglect.

The freedom from abuse, neglect and exploitation regulation, 42 CFR § 483.12, includes the following:

- The facility must not use verbal, mental, sexual, or physical abuse, corporal punishment, or involuntary seclusion;

- The facility must not employ or otherwise engage individuals who—

    - Have been found guilty of abuse, neglect, exploitation, misappropriation of property, or mistreatment by a court of law;

    - Have had a finding entered into the State nurse aide registry concerning abuse, neglect, exploitation, mistreatment of residents or misappropriation of their property; or

    - Have a disciplinary action in effect against his or her professional license by a state licensure body as a result of a finding of abuse, neglect, exploitation, mistreatment of residents or misappropriation of resident property.

- The facility must report to the State nurse aide registry or licensing authorities any knowledge it has of actions by a court of law against an employee, which would indicate unfitness for service as a nurse aide or other facility staff.

- The facility must develop and implement written policies and procedures that:

    - Prohibit and prevent abuse, neglect, and exploitation of residents and misappropriation of resident property,

    - Establish policies and procedures to investigate any such allegations, and

    - Include training as required at paragraph § 483.95.

- The facility must develop and implement written policies and procedures that ensure reporting of crimes occurring in federally-funded long-term care facilities in accordance with section 1150B of the Act. The policies and procedures must include but are not limited to the following elements.

    - Annually notifying covered individuals, as defined at section 1150B(a)(3) of the Act, of that individual's obligation to comply with the following reporting requirements.

- Each covered individual shall report to the State Agency and one or more law enforcement entities for the political subdivision in which the facility is located any reasonable suspicion of a crime against any individual who is a resident of, or is receiving care from, the facility.

- Each covered individual shall report immediately, but not later than 2 hours after forming the suspicion, if the events that cause the suspicion result in serious bodily injury, or not later than 24 hours if the events that cause the suspicion do not result in serious bodily injury.

- In response to allegations of abuse, neglect, exploitation, or mistreatment, the facility must:

- Ensure that all alleged violations involving abuse, neglect, exploitation or mistreatment, including injuries of unknown source and misappropriation of resident property, are reported immediately, but not later than 2 hours after the allegation is made, if the events that cause the allegation involve abuse or result in serious bodily injury, or not later than 24 hours if the events that cause the allegation do not involve abuse and do not result in serious bodily injury, to the administrator of the facility and to other officials (including to the State Survey Agency and adult protective services where state law provides for jurisdiction in long-term care facilities) in accordance with State law through established procedures.

- Have evidence that all alleged violations are thoroughly investigated.

- Prevent further potential abuse, neglect, exploitation, or mistreatment while the investigation is in progress.

- Report the results of all investigations to the administrator or his or her designated representative and to other officials in accordance with State law, including to the State Survey Agency, within 5 working days of the incident, and if the alleged violation is verified appropriate corrective action must be taken.

Authority: 42 CFR § 483.12.

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 36

*Damages - General*

If you find that the EEOC has proved any claim on behalf of a Claimant against Hamilton Pointe, then you must determine what amount of damages, if any, that individual Claimant is entitled to recover. The EEOC must prove each Claimant's damages by a preponderance of the evidence.

If you find that the EEOC has failed to prove any claim on behalf of a Claimant, then you will not consider the question of damages for that Claimant.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 3.09, *Damages: General* (2017 rev.) (modified to reflect EEOC as plaintiff for claimants).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 37

*Compensatory Damages*

You may award compensatory damages to a claimant only for injuries that the EEOC has proved by a preponderance of the evidence were caused by Hamilton Pointe's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

Any physical and mental/emotional pain and suffering that a claimant has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate a claimant for the injury he or she has sustained.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 3.10, *Compensatory Damages* (2017 rev.) (modified).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 38

*Selection of Presiding Juror; General Verdict*

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

(Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.)

OR

(Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.)

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.32, *Selection of Presiding Juror; General Verdict* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 39

*Communication with Court*

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.33, *Communication with Court* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______

DEFENDANT'S PROPOSED FINAL JURY INSTRUCTION NO. 40

*Disagreement Among Jurors*

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Authority: Seventh Circuit Pattern Civil Jury Instr. § 1.34, *Disagreement Among Jurors* (2017 rev.).

Given _______
Refused _______
Modified _______
Withdrawn _______